**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

EARNEST LEE JACKSON, JR.,

               Plaintiff,

      v.

CHRIS TRAN, et al.,

               Defendants.

Case No. 3:26-cv-00160-ACP

## ORDER OF DISMISSAL

On April 13, 2026, self-represented litigant Earnest Lee Jackson, Jr. ("Plaintiff") filed a civil complaint, civil cover sheet, and a motion for temporary restraining order.[1] Although Plaintiff styles his claims as constitutional violations and seeks declaratory and injunctive relief, the gravamen of the Complaint challenges child support establishment and enforcement—matters reserved to the states. For the reasons explained below, this case is DISMISSED for lack of subject matter jurisdiction, and Plaintiff's motion for injunctive relief at Docket 3 is DENIED.

### I.    Subject Matter Jurisdiction

The Court has an independent obligation to determine whether it has subject matter jurisdiction.[2] Federal courts are courts of limited subject matter jurisdiction,

---

[1] Dockets 1-3.

[2] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). *See also Arbaugh v. Y&H Corp.,* 546

meaning they can only hear cases authorized by the Constitution and federal statutes.[3] "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint [.]"[4] The *Younger* abstention doctrine and the *Rooker-Feldman* doctrine serve distinct but related purposes in limiting federal court intervention in state court proceedings. Both doctrines are rooted in principles of federalism, comity, and respect for state judicial processes. Domestic relations disputes, including divorce, alimony, and child custody, are matters of state law within the province of the state courts.[5]

The *Younger* abstention doctrine, established in *Younger v. Harris*,[6] prevents federal courts from disrupting state court proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff."[7] The *Rooker-Feldman* doctrine establishes that lower federal courts, such as district courts, lack jurisdiction to review or invalidate state court judgments.[8] The doctrine applies not

---

U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived").

[3] U.S.C. Const. Art. III § 2, cl. 1.

[4] *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal citation omitted).

[5] *See Buechold v. Ortiz,* 401 F.2d 371, 372 (9th Cir. 1968) (citations omitted).

[6] 401 U.S. 37 (1971).

[7] *Moore v. Sims,* 442 U.S. 415, 424 (1979) (applying *Younger* abstention doctrine to prevent federal court action seeking to enjoin pending state child custody proceeding brought by state authorities).

[8] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.1992) ("Under the 'Rooker–Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court.").

Case No. 3:26-cv-00160-ACP, *Jackson v. Tran, et al.*
Order of Dismissal
Page 2 of 7
Case 3:26-cv-00160-ACP    Document 5    Filed 04/14/26    Page 2 of 7

only to direct appeals of state court judgments but also to cases where federal claims are "inextricably intertwined" with state court proceedings.[9] *Rooker-Feldman* ensures that state appellate processes are respected and that federal courts do not undermine the finality of state court decisions.[10]

The state has a strong interest in ensuring that parents support their children.[11] Family law and child support proceedings are traditional matters of state law for determination in state court and "remain outside federal jurisdictional bounds."[12] "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."[13]

## II. Plaintiff's claims must be DISMISSED

Plaintiff claims he "does not seek review of any state court judgment but instead challenges Defendants' ongoing enforcement of an administrative order

---

[9] *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

[10] *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir. 2007) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482– 86 (1983)

[11] *See Eunique v. Powell,* 302 F.3d 971, 974 (9th Cir. 2002) ("There can be no doubt that the failure of parents to support their children is recognized by our society as a serious offense against morals and welfare."); *Matter of Reynolds,* 726 F.2d 1420, 1423 (9th Cir. 1984) ("The obligation of parents to support their children is a matter of paramount social concern.").

[12] *Marshall v. Marshall,* 547 U.S. 293, 308 (2006) (citing *Ankenbrandt v. Richards,* 504 U.S. 689, 703–704 (1992)).

[13] *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986). *See also Ankenbrandt v. Richards*, 504 U.S. at 702-704 (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees.").

Case No. 3:26-cv-00160-ACP, *Jackson v. Tran, et al.*
Order of Dismissal
Page 3 of 7
Case 3:26-cv-00160-ACP    Document 5    Filed 04/14/26    Page 3 of 7

entered without personal jurisdiction and without constitutionally adequate service of process."[14] Yet Plaintiff specifically requests that the Court declare the child support order void and unenforceable,[15] and he seeks to enjoin Defendants from garnishing his wages and suspending his driver's license.[16]

Plaintiff's filings reflect that he is primarily challenging the State's enforcement of child support obligations on the grounds that he was not properly served with notice of the underlying proceedings. He alleges the Child Support Division served process on his fourteen-year-old nephew, rather than on Plaintiff himself. While proper service is an important procedural requirement under state law, questions regarding whether service complied with state rules, and whether state administrative or judicial child support enforcement actions were properly initiated, are matters reserved to state agencies and state courts—not this Court. Likewise, Plaintiff's claims regarding suspension of his driver's license resulting from child support enforcement are outside the scope of this Court's jurisdiction.

Insofar as state proceedings are ongoing, *Younger* abstention requires dismissal.[17] If the state court proceedings have concluded, then the *Rooker–*

---

[14] Docket 1 at 6.

[15] Docket 1 at 12.

[16] Docket 1 at 12.

[17] The *Younger* doctrine, also known as "*Younger* abstention," is a principle of federalism and comity that limits the ability of federal courts to interfere with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *See H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (dismissing case under *Younger* where parents sought "wholesale federal intervention into an ongoing state domestic dispute"

*Feldman* doctrine precludes the claims in this case. The Court has no authority to adjudicate claims falling outside its subject-matter jurisdiction. The fact that Plaintiff styles his claims as violations of his constitutional due process rights does not change this analysis.[18]

Because this jurisdictional deficiency cannot be cured by amendment, this case must be DISMISSED without leave to amend in federal court.[19] Any challenge to the validity of service or the enforcement measures taken against him must be raised through the appropriate state administrative process or in state court.

### III.     Plaintiff's Motion is DENIED

At Docket 3, Plaintiff filed a motion for a temporary restraining order ("TRO") requesting that the Court "immediately halt Defendants' ongoing enforcement of a constitutionally void administrative order."[20] The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[21] However, the filing of "emergency motions" is disfavored and is properly confined to only

---

involving child custody).

[18] *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("This case, while raising constitutional issues, is at its core a child custody dispute.").

[19] *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court determines that it lacks subject matter jurisdiction, its only remaining function is to declare that fact and dismiss the action).

[20] Docket 3 at 1.

[21] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Case No. 3:26-cv-00160-ACP, *Jackson v. Tran, et al.*
Order of Dismissal
Page 5 of 7
Case 3:26-cv-00160-ACP     Document 5     Filed 04/14/26     Page 5 of 7

limited circumstances.[22] Plaintiff's motion fails to establish good cause for expedited consideration,[23] and fails to satisfy the requirements necessary to obtain a TRO.[24]

The Supreme Court characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[25] Plaintiffs seeking preliminary injunctive relief must establish each of the following four elements:  that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[26]

Here, the issues described have been ongoing, and Plaintiff has not demonstrated circumstances that justify emergency treatment or priority over other matters on the Court's docket. Plaintiff alleges that the child support order was

---

[22] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).

[23] *Id. See also* Local Civil Rules 5.1(f)(2) and 7.1(e).

[24] In the Ninth Circuit, the standard for obtaining a temporary restraining order is "substantially identical" to that for a preliminary injunction, but TROs are emergency, short-term orders that may be granted ex parte—that is, without notice to the opposing party—and typically last no longer than 10 to 14 days, serving only to preserve the status quo until the court can hold a preliminary injunction hearing. *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1130–31 (9th Cir. 2006). *See also* Fed. R. Civ. P. 65(b)(1)(A).

[25] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 22 (2008).

[26] *Id.*

Case No. 3:26-cv-00160-ACP, *Jackson v. Tran, et al.*
Order of Dismissal
Page 6 of 7
Case 3:26-cv-00160-ACP    Document 5    Filed 04/14/26    Page 6 of 7

improperly served in 2007,[27] the records demonstrate his driver license was suspended in 2014,[28] and his child support obligation concluded in May 2024 when the child turned 18.[29] Recent events, including the Agency's continued efforts to collect past-due child support payments, do not convert this long-running domestic-relations dispute into a judicial emergency warranting expedited federal intervention. Nonetheless, having reviewed and considered the filings, the Court expedites its order.

As explained above, this case must be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's motion at Docket 3 is DENIED because Plaintiff has not established a likelihood of success on the merits.

**IT IS THEREFORE ORDERED:**

1.　This case is **DISMISSED for lack of subject matter jurisdiction.**

2.　Plaintiff's motion at **Docket 3 is DENIED.**

3.　All pending motions are **DENIED as moot.**

4.　The Clerk shall issue a final judgment and close this case.

DATED this 14th day of April, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[27] Docket 1 at 3; *see also* Docket 3-2 at 2 (Proof of Service dated 11/23/2007).

[28] Docket 3-4 at 2.

[29] Docket 3-3 at 3.

Case No. 3:26-cv-00160-ACP, *Jackson v. Tran, et al.*
Order of Dismissal
Page 7 of 7
Case 3:26-cv-00160-ACP　　Document 5　　Filed 04/14/26　　Page 7 of 7